IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JULIUS TATE,                          )
                                      )
                  Plaintiff,          )
                                      )
         v.                           )      1:06CV246
                                      )
ALAMANCE COUNTY JAIL,                 )
SGT. BOONE, NURSE DEBBIE,             )
and TERRY JOHNSON,                    )
                                      )
                  Defendant.          )
```

## MEMORANDUM OPINION AND ORDER

**Eliason, Magistrate Judge**

Plaintiff, a prisoner of the State of North Carolina, seeks relief pursuant to 42 U.S.C. § 1983. As Defendants, he has listed the Alamance County Jail, Sgt. Boone, Nurse Debbie, and Terry Johnson. For his complaint, Plaintiff claims that in February 2006, he was taken to court proceedings, evidently from the McCain Hospital unit. Plaintiff was kept overnight at the jail, which he did not expect and had not prepared for because he did not take all of his medication. He states he told the staff that he was in severe pain in his cheek resulting from prior surgery, but was denied medical attention. He claims he wrote a grievance which Sgt. Boone saw and then Plaintiff was taken to see the nurse (Deborah Yates). He claims the nurse did not examine him and, therefore, he was put back into the inmate population. Plaintiff wants compensatory and punitive damages for pain and suffering.

Defendants filed an answer. One of the defenses is that the Defendant "Alamance County Jail" is not a legal entity that has a

capacity to be sued.  Another defense is that the action is barred by the Prison Litigation Reform Act, 42 U.S.C. § 1997e. Defendants' motion to dismiss is limited to the one ground of § 1997e, but it is difficult to understand the nature of it. Defendants correctly note that § 1997e(e) bars an action for mental or emotional injury without a prior showing of physical injury. Yet, Defendants argue that the emotional injury in this case was pain and that "Plaintiff has failed to allege any type of physical injury resulted from the failure of ACDC officials to provide him with his requested medication."  (Defs.' Mot. to Dismiss at 2.)

According to Defendants, Plaintiff must allege that there was a physical injury which resulted from the failure to provide requested medication. However, the clear words of the statute only state that the mental or emotional injury must have a prior physical injury component to it, not that the mental or emotional injury resulted in a physical injury.  On the other hand, Defendants say that the Fourth Circuit has not defined "physical injury," but that other courts require some type of physical injury, which is more than de minimis.  Other courts have assumed that physical pain could constitute a mental or emotional injury and that such would be actionable, so long as there was a prior physical injury component which, in this case, would be Plaintiff's prior surgery.  See Jarriett v. Wilson, 162 Fed. Appx. 394 (6th Cir. 2005).  On the record, Defendants have not shown Plaintiff's injury was de minimis.  The issue would need further briefing and some evidence, if Defendants wish to pursue it.

-2-

Notwithstanding the fact that Defendants' motion to dismiss should not be granted, the Court sua sponte elects to screen this matter pursuant to 28 U.S.C. § 1915A to see whether any of the claims fail to state a claim upon which relief may be granted. In the instant case, it is clear that three of the Defendants should be dismissed. First, as Defendants state, the Alamance County Jail is not a legal entity. Plaintiff must name an individual who is responsible for acting. See for example, Vinson v. Richmond Police Dept., 567 F.2d 263 (4th Cir. 1977). Therefore, this party should be dismissed.

It is also clear that Sheriff Terry Johnson and Sgt. Boone should be dismissed as well for the following reasons. Plaintiff essentially is bringing a case of denial of medical care. In order for Plaintiff to succeed in this lawsuit alleging lack of medical care, he must show that the defendants were deliberately indifferent to a serious medical need. Mere negligence or malpractice is not enough. Estelle v. Gamble, 429 U.S. 97 (1976)(convict); Johnson v. Quinones, 145 F.3d 164, 166 (4th Cir. 1998); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990)(pretrial detainee).

In order to meet this standard, Plaintiff must show that the treatment is grossly incompetent or inadequate to the extent that it shocks the conscience and seems fundamentally unfair. Miltier v. Beorn, 896 F.2d 848 (4th Cir. 1990). Deliberate indifference is manifested by actual intent or reckless disregard of substantial risks of danger but not mere acts of negligence. Id. For a nurse

to be liable, Plaintiff must show a failure to respond to a known medical need.  Id.  Supervisors cannot be expected to ensure physicians employ proper procedures and may not be held liable for treatment errors unless it can be shown they tacitly authorized known inadequate procedures.  Id.  An officer fulfills his duty by notifying medical personnel.  He is not personally responsible to provide medical care.  Maddox v. City of Los Angeles, 792 F.2d 1408 (9th Cir. 1986).

It is clear from the complaint that Sgt. Boone satisfied the duty he had as an officer by taking Plaintiff to the nurse.  As noted previously, an officer fulfills his duty by notifying medical personnel, which the complaint states Sgt. Boone clearly did.

With respect to Sheriff Johnson, Plaintiff's complaint utterly fails to state any ground for concluding he would be liable.  The Sheriff is obviously a supervisor and, as stated previously, Plaintiff would have to show that the supervisor actually authorized known inadequate medical care.  Instead, the complaint states nothing about Sheriff Johnson.  It is clear he is only being named because he is a supervisor.  For this reason, he should be dismissed as a Defendant as well.  This will leave Nurse Deborah Yates as the sole Defendant.

**IT IS THEREFORE ORDERED** that Defendants' motion to dismiss on the grounds that this action is barred by 42 U.S.C. § 1997e (docket no. 19) is denied.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915A, Defendants Alamance County Jail, Sheriff (or Superintendent) Terry

Johnson, and Sgt. Boone be, and the same hereby are dismissed as Defendants for Plaintiff's failure to state a claim for relief against them.

**IT IS FURTHER ORDERED** that this case is hereby placed on the Standard discovery track with no exceptions and all discovery shall be completed by December 23, 2007.

**IT IS FURTHER ORDERED** that dispositive motions, including a motion for summary judgment, must be filed on or before January 23, 2008.

_____
**United States Magistrate Judge**

July 26, 2007