IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JULIUS TATE,                      )
                                  )
              Plaintiff,          )
                                  )
         v.                       )     1:06CV246
                                  )
ALAMANCE COUNTY JAIL, et al.,     )
                                  )
              Defendants.         )
```

**MEMORANDUM OPINION AND ORDER**

**Eliason, Magistrate Judge**

Plaintiff, a former prisoner of the State of North Carolina, seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff claims that he was improperly denied pain relief medication while housed overnight in the Alamance County Jail on February 15-16, 2006. A previous order in this case dismissed all defendants except Defendant Debbie Yates, a nurse practitioner who briefly examined Plaintiff during his stay. (Docket No. 26.) Yates has now moved for summary judgment. (Docket No. 28.) Despite being notified of his right to file a response to the summary judgment motion, Plaintiff has not done so.

**Facts**

Many of the facts of the case are not in dispute. According to the complaint, on February 15, 2006, Plaintiff was transported to the Alamance County Jail (the Jail) from a correctional facility so that he could attend a court proceeding. Following that proceeding, he was brought back to the Jail. The original plan was

for Plaintiff to be transported back to the other facility that day. However, this was not accomplished and he was informed late in the afternoon that he would be kept in the jail overnight.

Plaintiff had previously had surgery for a jaw fracture and was taking pain medication. However, he did not have enough medication for his overnight stay in the Jail. After discovering that he would be in the Jail overnight, he told staff that his jaw was in pain and that he needed medication. He was then taken to be examined by Defendant Yates. According to Plaintiff's complaint, Yates did not properly examine him or check his vital signs, but instead told him that he "would be O.K." and denied him medication. (Docket No. 2 at 3.) Plaintiff contends that this amounted to inadequate medical care based on deliberate indifference by Yates.

Yates has submitted evidence, in the form of records and affidavits, which shows the following. Plaintiff was admitted to the Alamance County Jail on February 15, 2006. His intake paperwork shows that his property was listed as being cigarettes, matches, a book, dental floss, and two snacks. No medication is listed. Plaintiff signed the form stating that this was all of his property. (Docket No. 29, Attach. 2, Ex. B.) His intake forms also indicate that he had recently undergone mouth surgery and that he had carpal tunnel problems in his left wrist. It did not mention pain medication and specifically stated that Plaintiff did not have a painful dental condition. Again, Plaintiff signed this form. (Id., Ex. D.)

-2-

According to Yates, she is a Licensed Nurse Practitioner who was working at the Jail on February 15, 2006. (Docket No. 29, Attach. 3, ¶ 2.) The guards asked her to evaluate Plaintiff to see whether or not he could spend the night without medical treatment. (Id., ¶ 5.) She states that Plaintiff walked into the medical department under his own power and showed no signs of distress. However, he did tell her he was unhappy about having to stay for the night and that there had been enough time to return him to the correctional facility following his court appearance. He also informed her that he had undergone jaw surgery a month before and that he was taking pain medication. (Id., ¶¶ 6-7.)

Because no medical records had been sent with Plaintiff, Yates had no information about any medication for Plaintiff. She asked him what he was taking and he told her he was receiving Percocet on an as-needed basis. (Id., ¶ 8-9.) When she informed him that the Jail did not dispense Percocet or similar medications on an as-needed basis, Plaintiff became upset and "loudly demanded to be returned to the custody of the Department of Corrections immediately." (Id., ¶¶ 8-10.) He was then escorted from the medical department. Based on the fact that Plaintiff had been able to open and close his mouth and had not shown any signs of distress, at least not due to anything other than not being returned to the Department of Correction, Yates cleared him to spend the night without further medical treatment. (Id. ¶ 12-13.) There is no evidence that Yates had further contact with or information about Plaintiff.

## **Discussion**

In order for Plaintiff to succeed in this lawsuit alleging lack of medical care, he must show that Yates was deliberately indifferent to a serious medical need. Mere negligence or malpractice is not enough. Estelle v. Gamble, 429 U.S. 97 (1976)(convict); Johnson v. Quinones, 145 F.3d 164, 166 (4th Cir. 1998); Belcher v. Oliver, 898 F.2d 32 (4th Cir. 1990)(pretrial detainee).

As stated by the Fourth Circuit in Johnson, 145 F.3d at 167:

> To succeed on an Eighth Amendment "cruel and unusual punishment" claim, a prisoner must prove two elements: (1) that objectively the deprivation of a basic human need was "sufficiently serious," and (2) that subjectively the prison officials acted with a "sufficiently culpable state of mind." Wilson, 501 U.S. at 298, 111 S.Ct. at 2324; see Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir.1997); Williams, 77 F.3d at 761; Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.), cert. denied, 510 U.S. 949, 114 S.Ct. 393, 126 L.Ed.2d 341 (1993).
>
> With regard to inadequate medical attention, the objective component is satisfied by a serious medical condition. . . .
>
> The subjective component is satisfied by showing deliberate indifference by prison officials. . . . Basically, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837, 114 S.Ct. at 1979; see Amos, 126 F.3d at 610 (stating that "prison officials [must] know of and disregard an objectively serious condition, medical need, or risk of harm"). A prison official is not liable if he "knew the underlying facts but believed (albeit unsoundly) that the risk to which the facts gave rise was insubstantial or nonexistent." Farmer, 511 U.S. at 844, 114 S.Ct. at 1982; see Rich v. Bruce, 129 F.3d 336, 338 (4th Cir. 1997)(holding that prison official was not deliberately indifferent because he did not actually draw the inference that the prisoner was exposed to a specific risk of harm).

In order to meet this standard, Plaintiff must show that the treatment is grossly incompetent or inadequate to the extent that it shocks the conscience and seems fundamentally unfair. <u>Miltier v. Beorn</u>, 896 F.2d 848 (4th Cir. 1990). Deliberate indifference is manifested by actual intent or reckless disregard of substantial risks of danger but not mere acts of negligence. <u>Id.</u> For a nurse to be liable, Plaintiff must show a failure to respond to a known medical need. <u>Id.</u>

In evaluating a medical care case, the Court may rely on medical records to assess whether an evidentiary hearing is required, <u>Blanks v. Cunningham</u>, 409 F.2d 220 (4th Cir. 1969), and to determine whether the injury is in fact serious, <u>West v. Keve</u>, 571 F.2d 158, 162 (3d Cir. 1978). The Court may rely on the affidavits of medical personnel and the medical records to determine whether a defendant's efforts were reasonable. <u>Bennett v. Reed</u>, 534 F. Supp. 83, 86 (E.D.N.C. 1981), <u>aff'd</u> <u>without opinion</u>, 676 F.2d 690 (4th Cir. 1982). When the affidavits show that Plaintiff was under constant medical supervision, he likely is not entitled to relief since medical judgments are not normally subject to review. <u>Russell v. Sheffer</u>, 528 F.2d 318 (4th Cir. 1975). The Court may look at intake examinations, complaints made, treatment given and its timeliness, physicians' evaluations, and subsequent evaluations. <u>Gray v. Farley</u>, 13 F.3d 142, 146 (4th Cir. 1993)(pretrial).

Here, the facts are basic and largely undisputed. Plaintiff arrived at the Jail about a month after jaw surgery. He signed

-5-

intake forms reporting this fact, but indicating that he did not arrive with any medication and that he had no painful dental condition. Later that same day, after being informed that he would have to stay overnight at the Jail, he told his jailors that he was in pain and was taken to Yates for an examination. During his time with Yates, he asked for pain medication, but exhibited no outward signs of being in pain or distress. He was able to talk and opened and closed his mouth without difficulty. Yates did not have his medical records and could not give him Perocet on an as-needed basis. Her examination ended when Plaintiff became angry and loud, demanding to be transferred.

Overall, Yates had very little information on Plaintiff and his condition due to the circumstances. Plaintiff has not shown what she could have done to gather more information or records given the limited time involved. Moreover, his own conduct ended the examination. Based on the limited information Yates did have-- mainly her observations that Plaintiff did not show signs of pain and could freely move his mouth--she used her best professional judgment to conclude that he did not need medication for his temporary stay at the Jail. There is no evidence in the record which would allow a finding that she acted with deliberate indifference to a serious medical need in these circumstances. In fact, the lack of medication on the property form and the statement on the medical form that Plaintiff had no painful dental condition tend to indicate that Plaintiff's condition was not serious and

that the medication was not greatly needed. Yates' motion for summary judgment will be granted.

**IT IS THEREFORE ORDERED** that Defendant Yates' motion for summary judgment (Docket No. 28) is granted and that this action is dismissed.

_____
**United States Magistrate Judge**

July 24, 2008